133 F.3d 929
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gordon K. DYE, Defendant-Appellant.
 No. 97-30003.
 United States Court of Appeals,
Ninth Circuit.
 Dec. 17, 1997.
Submitted December 15, 1997**
 
 Before: SNEED, LEAVY and TROTT, Circuit Judges.
 MEMORANDUM*
 MARSH, J.
 
 
 1
 Gordon K. Dye appeals his sentence imposed following his guilty plea to manufacturing marijuana. We affirm.
 
 
 2
 Dye contends that the district court erred in finding that he was an organizer or leader of the marijuana growing operations under U.S.S.G. § 3B1.1(c), and was therefore ineligible for relief under the safety valve provision. See U.S.S.G. § 5C1.2(4).
 
 
 3
 The district court did not clearly err in finding that Dye was an organizer or leader. See United States v. Ponce, 51 F.3d 820, 826 (9th Cir.1995). The evidence in the record indicates that Dye exercised control over Spencer Costello and Harold Halfinger. Dye's contention that the district court applied an erroneous "but-for" test in finding that he was an organizer or leader is belied by the record.[1]
 
 
 4
 In his pro se supplemental brief, Dye contends that the district court erred in enhancing his sentence for Costello's possession of a firearm pursuant to U.S.S.G. § 2D1.1(b)(1).
 
 
 5
 The district court's finding that it was not "clearly improbable" that the firearm was connected with Dye's drug activities was not clearly erroneous. See U.S.S.G. § 2D1.1(b)(1), comment. (n. 3); United States v. Pitts, 6 F.3d 1366, 1372 (9th Cir.1993). The court properly relied on the presentence report and Costello's testimony in finding that Costello obtained the firearm in order to protect the marijuana and that Dye assented to Costello's possession of the firearm.
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Dye's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We do not consider Dye's remaining contentions regarding his eligibility for relief under the safety valve provision. Our affirmance of the district court's finding that Dye was an organizer or leader of the marijuana growing operations precludes him from establishing eligibility for relief under the safety valve provision. See U.S.S.G. § 5C1.2